The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for the modification of Finding of Fact Number 5 and minor modifications.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement which was filed on April 22, 1998, which is incorporated herein by reference, and at the hearing as
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Hartford Specialty Risk Services, Inc., as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiffs average weekly wage was $316.40, which yields the maximum compensation rate of $209.93 per week.
5. The issues for determination are:
a. Whether plaintiff sustained a compensable back injury on November 8, 1995.
b. Whether plaintiff gave timely notice of her back injury to Edefendant-employer or whether her claim should be barred.
6. The parties stipulated eighteen pages of medical reports into the record.
7. On June 18, 1998, the deposition of John Spargo, M.D. was received into evidence.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows
 FINDINGS OF FACT
1. At the time of the alleged injury, plaintiff was a fifty-nine year old female. Plaintiff had a motor vehicle accident in approximately 1986. She began working for defendant-employer on September 8, 1988 in the finishing department. Plaintiff worked as a sander, where her duties involved using sandpaper to wipe and smooth the finish on furniture. She also worked as a wiper on the glaze line, where she spread filler on furniture pieces such as beds, dressers, and drawers.
2. On November 8, 1995, plaintiffs regular job area did not have enough work to do on the shift, so plaintiff was assigned to work on the glaze line.
3. After being placed on the glaze line, plaintiff reached to pick-up a dresser drawer when she felt a pull in her back. Plaintiff told Mildred Morgan, the glaze line supervisor, that she had a backache; however, plaintiff did not tell Ms. Morgan that she hurt her back lifting a drawer.
4. On November 10, 1995, plaintiff reported to Joe Hopkins, who was her regular supervisor, that she hurt her back by lifting a drawer.
5. On November 11, 1995, plaintiff went to Lexington Memorial Hospital Emergency Room for her back pain. She indicated her low back pain began on November 8, 1995 when she bent to pick up a drawer at work. She was given a note to remain out of work until November 13, 1995, and was restricted to light work for one week with no heavy or hazardous lifting.
6. On November 28, 1995, plaintiff sought medical treatment from Dr. John Spargo, a family medicine practitioner. Plaintiff reported having back pain for two weeks after pulling a muscle while lifting a drawer at work. Dr. Spargo ordered medication and two days bed rest for plaintiff. On November 30, 1995, Dr. Adams physical examination of plaintiff revealed negative straight leg raising. Dr. Adams diagnosed plaintiff with a back strain and found her capable of returning to work with a five pound lifting restriction and no bending, twisting or prolonged standing. On December 4, 1995, plaintiff reported to Dr. Adams that she was better, and by December 7, 1995, plaintiffs back strain had fully resolved. Dr. Adams instructed plaintiff to return to her regular job and to use ibuprofen as needed.
7. On December 16, 1995, Dr. Spargo ordered therapy for plaintiffs back.
8. Plaintiff terminated her employment with defendant-employer on December 21, 1995 to move out of town.
9. Four months later, on April 12, 1996, plaintiff sought medical treatment from Dr. E.O. Marsigli in Nash County. Plaintiff complained of pain in her back and in her left ankle with numbness in the leg. Dr. Marsigli ordered medication and physical therapy. Diagnostic testing indicated osteoporosis and a narrowing at the L3 vertebra. An MRI revealed "a broad based bulging superimposed on moderate circumferential spinal stenosis at L3-4; right paracentral bulging versus herniation at L4-5 superimposed on mild to moderate circumferential spinal stenosis; and L5-S1 mild circumferential spinal stenosis without frank herniation.
10. On June 26, 1996, Dr. Marsigli recommended conservative treatment since there was no definite herniation. When plaintiff informed Dr. Marsigli that she was applying for disability, he noted that she should be able to do some type of work.
11. Plaintiff would not benefit from surgery.
12. There is no evidence in the record to causally relate plaintiffs back conditions for which she has seen Dr. Marsigli to the back strain that she sustained on November 8, 1995.
13. There is no evidence in the record to support a finding that plaintiff retains a permanent partial impairment to her back as a result of the back strain she sustained on November 8, 1995.
***********
The foregoing findings of fact engender the following
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of the employment on November 8, 1995. N.C.G.S.97-2(6).
2. As a result of the compensable injury, plaintiff is not entitled to temporary total disability compensation, as she was not out of work the requisite number of days. Furthermore, any time which plaintiff has not worked since December 21, 1995 has been due to her decision to move and not due to the back strain which she sustained on November 8, 1995. N.C.G.S. 97-28 and 97-2.
3. Subject to the limitations of N.C.G.S. 97-25.1, plaintiff is entitled to have defendant pay for reasonably necessary medical expenses incurred as a result of the compensable injury that tend to provide relief, effect a cure or lessen the period of disability. However, defendant shall not be liable for the expenses which plaintiff has incurred for the treatment by Dr. Marsigli, as there is no evidence to causally relate this treatment to plaintiffs work-related back strain. N.C.G.S.97-2(19); 97-25; and 97-25.1.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts the holding of the Deputy Commissioner and enters the following
 AWARD
1. Subject to the limitations of N.C.G.S. 97-25.1, defendant shall pay reasonably necessary medical expenses incurred as a result of the compensable injury that tend to provide relief, effect a cure or lessen the period of disability, with the exception of the expenses for the treatment by Dr. Marsigli, when bills for the same have been approved, in accordance with the provisions of the Act.
2. Defendant shall pay the costs, including the expert witness fee of $200.00, if not already paid, to John Spargo, M.D.
This the ___ day of February 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS:nwg